IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gast, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>The County of Kane, a body politic, )<br>And Sheriff Patrick Perez, as Kane )<br>County Sheriff, and not individually, )<br>)<br>    Defendants. ) | Case No. 12-cv-03394<br><br>Honorable Judge Nordberg<br>Honorable Magistrate Judge Valdez |

FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff, DAVID GAST, by and through his attorneys, DELANEY LAW, P.C., and in complaint of Defendants, the County of Kane and Sheriff Patrick Perez as Kane County Sheriff, states as follows:

INTRODUCTION

1. Plaintiff, David Gast, an employee of the County of Kane, seeks redress for violations of the Family Medical Leave Act. This case is brought pursuant to 29 U.S.C. § 2601, *et. seq.*

JURISDICTION AND VENUE

2. Plaintiff's claims arise under the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*, and American with Disabilities Act, 42 U.S.C § 12101, *et. seq..* Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 29 U.S.C. § 2617.

3. Venue is this district is proper under 28 U.S.C. § 1391(b). The Defendant resides in this district and the events giving rise to Plaintiff's claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been completed with, to wit:

    a. Plaintiff filed a charge No. 440-2011-04012 with the Illinois Department of Human Rights on June 22, 2011, which was cross-filed with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), a copy of which is attached hereto as <u>Exhibit 1</u>.

    b. The EEOC issued Plaintiff a notice of right to sue on charge number 440-2011-04012 on April 29, 2013, a copy of which is attached hereto as <u>Exhibit 2</u>.

## PARTIES

5. Plaintiff, DAVID GAST, is a citizen of the United States and the State of Illinois and resides in Kane County, Illinois. At all times material to this Complaint, GAST was employed by Defendant, COUNTY OF KANE and SHERIFF PATRICK PEREZ, in Kane County, Illinois.

6. Defendant COUNTY OF KANE (hereinafter sometimes referred to as "Kane County"), at all times relevant to this Complaint, is a body politic and corporate pursuant to 55 ILCS 5/5-1001.

7. Defendant PATRICK PEREZ is the Sheriff of Kane County and is a Defendant in this matter in his capacity as Sheriff and not individually.

8. The Kane County Sheriff's office is controlled and operated under the direction of Patrick Perez and Kane County.

9. At all times material, Defendants were an employer as defined by 29 U.S.C. § 2611.

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 2 of 13

## FACTUAL ALLEGATIONS

10. On or about February 22, 2011 PLAINTIFF properly filled out Defendants' form documents requesting a leave of absence pursuant to the Family Medical Leave Act (hereinafter "FMLA").

11. Plaintiff requested leave begin on February 23, 2011 and expected to return to work on May 18, 2011.

12. Defendants provided Plaintiff a document stating that Plaintiff was eligible for leave and approved the leave.

13. In said document approving leave, Defendants stated that Plaintiff would be required to present a fitness-for-duty certificate to the department head prior to being restored to employment.

14. On or about April 27, 2011, Plaintiff's physician, Dr. Georgina Srinivas Rao, MD, a psychologist certified by the American Board of Psychiatry and Neurology in Psychiatry who had treated Plaintiff for over one year provided a "Physician's Return to Duty Certification" on Defendants' form document stating that based on the physician's medical opinion Plaintiff is able to resume his duties as Deputy Sheriff and fulfill the essential functions of this position with no restrictions. Further, Plaintiff's physician acknowledged that Plaintiff's job description requires him to carry and potentially use a firearm and Plaintiff's physician certified that in her medical opinion Plaintiff was able to resume that duty without restrictions.

15. On or about May 3, 2011, Plaintiff delivered his medical release forms, authorizing him to return to work on May 6, 2011, to Defendants.

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 3 of 13

16. On or about May 4, 2011, Defendants acknowledge receipt of the forms and indicated it would like to engage in a phone conference with Plaintiff.

17. Plaintiff and Defendants engaged in said phone conference and Plaintiff was directed by Defendants to make an appointment with Dr. Brown, Defendant's psychologist, prior to returning to work.

18. Plaintiff made said appoint and scheduled it for May 9, 2011. Said appointment was later canceled by Defendants after Plaintiff's Union advised Defendants that Defendants were required to give certain notice pursuant the Union contract.

19. Thereafter, on or about May 9, 2011, Defendants ordered Plaintiff to submit to a Psychiatric Fitness for Duty Evaluation.

20. Defendants ordered Plaintiff to submit to a Psychiatric Fitness for Duty Evaluation even though Plaintiff's own physician had provided Defendant's with their own form "Physician's Return to Duty Certification" which released Plaintiff to duty without restrictions.

21. Thereafter, Plaintiff arranged for a meeting with Defendants' doctor Marie-Claude Rigaud, M.D., M.P.H (hereinafter "Rigaud").

22. Upon information and belief, Riguad is a doctor Defendants regularly utilize.

23. On or about June 1, 2011, Plaintiff submitted to an evaluation by Rigaud.

24. On or about June 3, 2011, Plaintiff submitted to further psychological testing with a Dr. Alford pursuant to Defendant's demands.

25. Upon information and belief, Dr. Alford is a doctor Defendants regularly utilize.

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 4 of 13

26. On or about July 7, 2011, Rigaud completed a report of the evaluation which recommended that Plaintiff not return to the Deputy Patrol position and plan for a reevaluation in three to six months.

27. On or about August 2, 2011, Defendants placed Plaintiff on administrative leave without pay.

28. On or about October 15, 2011, Plaintiff requested that Defendants arrange a return to Rigaud for re-evaluation in November 2011.

29. From October 15, 2011 through December 15, 2011, Defendants failed to arrange a medical examination and/or re-evaluation for Plaintiff with Rigaud.

30. On or about January 9, 2012, Plaintiff underwent a reassessment with Rigaud who released Plaintiff to return to work.

31. On or about January 27, 2012, Defendants demanded that Plaintiff's therapist provide Defendants a document stating that Plaintiff was released to full duty.

32. Plaintiff's therapist is not a medical doctor.

33. Prior to January 27, 2012, Defendants had in their possession documents stating Plaintiff should return to work from Plaintiff's psychiatrist Dr. Rao and from Rigaud.

34. On or about January 30, 2012, Plaintiff was ordered by Defendants to report to work in plain clothes, unarmed, and in his own personal vehicle.

35. On or about January 30, 2012 Defendants told Plaintiff that until "this matter is resolved", referring to the additional release demanded from Plaintiff's therapist, that Plaintiff would not be armed or in uniform.

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 5 of 13

## COUNT I
## Demand for Relief for Violations of the
## Family Medical Leave Act of 29 U.S.C. § 2601 *et. seq.*, against all Defendants

36. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count I.

37. By virtue of the foregoing, Defendants violated 29 U.S.C. § 2601 *et. seq.*, the Family Medical Leave Act ("FMLA"), by interfering with Plaintiff's entitlement to FMLA leave under the FMLA and by harassing him in retaliation for having taken leave under the FMLA.

38. As a result of these violations, Plaintiff has lost wages, salary, employment, and other damages.

39. Defendants engaged in willful disregard for Plaintiff's rights under the FMLA, and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendants' violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against each Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

B. Enter judgment in Plaintiff's favor and against each Defendant for two times the amount as liquidated damages;

C. Award Plaintiff his attorney's fees and costs;

D. Enjoin Defendants from violating the FMLA in the future; and

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 6 of 13

E. Grant such other relief as this Court deems just and equitable.

## COUNT II
### Demand for Relief for Violations of the
### Family Medical Leave Act of 29 U.S.C. § 2601 *et. seq.*, against all Defendants

40. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count II.

41. Defendants violated 29 U.S.C. § 2601 *et. seq.*, the Family Medical Leave Act by demanding that Plaintiff provide additional information from the Plaintiff's health care provider.

42. As a result of these violations, Plaintiff has lost wages, salary, employment, and other damages.

43. Defendants engaged in willful disregard for Plaintiff's rights under the FMLA, and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendants' violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against each Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

B. Enter judgment in Plaintiff's favor and against each Defendant for two times the amount as liquidated damages;

C. Award Plaintiff his attorney's fees and costs;

D. Enjoin Defendants from violating the FMLA in the future; and

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 7 of 13

E. Grant such other relief as this Court deems just and equitable.

## COUNT III
Demand for Relief for Violations of the
Family Medical Leave Act of 29 U.S.C. § 2601 *et. seq.*, against all Defendants

44. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count III.

45. Defendants' violated 29 U.S.C. § 2601 *et. seq.*, of the Family Medical Leave Act by demanding that Plaintiff undergo additional medical testing and obtain additional medical opinions using health care providers Defendants regularly utilize.

46. As a result of these violations, Plaintiff has lost wages, salary, employment, and other damages.

47. Defendants engaged in willful disregard for Plaintiff's rights under the FMLA, and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendants' violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against each Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

B. Enter judgment in Plaintiff's favor and against each Defendant for two times the amount as liquidated damages;

C. Award Plaintiff his attorney's fees and costs;

D. Enjoin Defendants from violating the FMLA in the future; and

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 8 of 13

E. Grant such other relief as this Court deems just and equitable.

## COUNT IV
Demand for Relief for Violations of the
Family Medical Leave Act of 29 U.S.C. § 2601 *et. seq.*, against all Defendants

48. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count IV.

49. Defendants violated 29 U.S.C. § 2601 *et. seq.*, the Family Medical Leave Act by failing to adhere to a uniform policy applicable to all similarly situated employees when Defendants demanded that Plaintiff undergo additional medical testing, obtain additional medical opinions, and obtain a second fitness for duty certification.

50. As a result of these violations, Plaintiff has lost wages, salary, employment, and other damages.

51. Defendants engaged in willful disregard for Plaintiff's rights under the FMLA, and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendants' violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against each Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

B. Enter judgment in Plaintiff's favor and against each Defendant for two times the amount as liquidated damages;

C. Award Plaintiff his attorney's fees and costs;

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 9 of 13

D. Enjoin Defendants from violating the FMLA in the future; and

E. Grant such other relief as this Court deems just and equitable.

## COUNT V
### Demand for Relief for Violations of the
### Family Medical Leave Act of 29 U.S.C. § 2601 *et. seq.*, against all Defendants

52. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count V.

53. Defendants violated 29 U.S.C. § 2601 *et. seq.*, the Family Medical Leave Act by imposing a greater burden than the FMLA provisions allow by refusing to allow Plaintiff to return to work based solely on the certification of Plaintiff's own health care provider that he was able to return to work.

54. As a result of these violations, Plaintiff has lost wages, salary, employment, and other damages.

55. Defendants engaged in willful disregard for Plaintiff's rights under the FMLA, and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendants' violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against each Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

B. Enter judgment in Plaintiff's favor and against each Defendant for two times the amount as liquidated damages;

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 10 of 13

C. Award Plaintiff his attorney's fees and costs;

D. Enjoin Defendants from violating the FMLA in the future; and

E. Grant such other relief as this Court deems just and equitable.

## COUNT VI
### Demand for Relief for Violations of the American with Disabilities Act 42 USC § 12101, *et. seq.*, against all Defendants
### (Failure to Accommodate)

56. Plaintiff restates and realleges paragraphs one through thirty-four (1-34) of this Count VI.

57. Plaintiff is an individual with a disability as defined by the Americans with Disabilities Act ("ADA") and, as such, a member of a protected class under the ADA, 42 U.S.C. § 12101, *et. seq.*, as amended.

58. The ADA makes it unlawful for an employer to discriminate against qualified individual on the basis of disabilities. 42 U.S.C. § 12112(b).

59. At all relevant times hereto, Plaintiff was diagnosed with a mood disorder.

60. Defendants were aware of Plaintiff's diagnoses.

61. On or after April 27, 2011, Plaintiff was capable of performing his duties and responsibilities as an employee of the Defendants in a manner that met or exceeded the expectations of Defendants.

62. On or after April 27, 2011, Plaintiff's ability to perform the essential functions of his job is unrelated to his disability.

63. On April 27, 2011, Defendants refused to allow Plaintiff to return to work and continued to refuse to allow Plaintiff to return to work until on or about January 30, 2013.

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 11 of 13

64. There was no legitimate business reason for Defendants' to refuse to allow Plaintiff to return to work.

65. By refusing to allow Plaintiff to return to work for approximately eight (8) months, Defendants and its agents have willfully and intentionally discriminated against Plaintiff on the basis of his disability.

66. Further, by refusing to allow Plaintiff to return to work for approximately eight (8) months, Defendants knew and/or showed a reckless disregard for the matter of whether its conduct violated the ADA.

67. As a direct and proximate cause of Defendant's unlawful employment practices and retaliation, Plaintiff has suffered and continues to suffer, among other damages: loss of employment, wages, benefits and other compensation, emotional harm and mental anguish, embarrassment and related physical and psychological injuries of a severe and permanent nature.

WHEREFORE, Plaintiff, David Gast, prays this Honorable Court grant judgment in his favor and against the Defendants, the County of Kane and the Sheriff of Kane County and grant him the following relief:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the ADA;

B. Permanently enjoin the County of Kane and the Sheriff of Kane County, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 12 of 13

C. Order modifications or elimination of the County of Kane's and Sheriff of Kane County's practices, policies, customs and usages set forth herein, and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

D. Sufficient compensation for Plaintiff's losses;

E. Compensate and make Plaintiff whole for all benefits he would have received but for the discriminatory practices of the County of Kane and Sheriff of Kane County;

F. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

G. Grant such other relief that this Honorable Court deems just and equitable.

JURY TRIAL DEMANDED AS TO ALL COUNTS.

Cynthia M Rote
William J Delaney
DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

Respectfully Submitted,

DAVID GAST,

By:___Cynthia M Rote_____
One of His Attorneys

DELANEY LAW, P.C.
444 N Wabash Ave., Third Floor
Chicago, Illinois 60611
(312) 276-0263

FIRST AMENDED COMPLAINT
Gast v. County of Kane, et. al.

Page 13 of 13