UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| David Gast, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  12 CV 3394 |
| | ) | |
| v. | ) | Judge John A. Nordberg |
| | ) | |
| The County of Kane, a body politic, | ) | |
| And Sheriff Patrick Perez, as Kane | ) | |
| County Sheriff, and not individually, | ) | |
| Defendant. | ) | |

## HIPAA ORDER

This matter having come to be heard on the Motion of Defendant for the Entry of a Qualified Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), due notice hereby having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information," including mental health records, (also referred to herein as "PHI") pertaining to **David Gast**, to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "HIPPA" shall mean Health Insurance and Portability and Accountability Act of 1996 and Privacy Standards shall mean the Standards for Privacy of Individually Identifiable Health Information as set forth in 45 CFR 160.103. "PHI" or "protected health information" shall have the same scope and definition as that term is used in HIPPA and the Privacy Standards. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to **David Gast**, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties' attorneys shall be permitted to use the PHI of **David Gast**, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers who are handling this claim, experts, consultants, Federal court personnel, court reporters who are employed in relation to this litigation, copy services, provided they sign a nondisclosure agreement, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) It is anticipated that the following individuals will have access to the Plaintiff's PHI in order to evaluate and participate in this case: Sheriff Pat Perez, Under Sheriff Dave Wagner, Lt. Chris Collins, Human Resource employees including but not limited to Sheila McCraven, EJ Achilles and Maureen Anderson, the County's Third-Party administrator, the Kane County Director of Finance, Joe Onzick, who is involved in all settlement negotiations and his office staff, the members of the legal affairs committee, the Kane County Board Members, the Kane County Board Chairman and the keeper of the minutes,

(6) At the conclusion of the litigation (which shall be defined at the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to **David Gast**, (other than the person or entity that generated the PHI), shall destroy any and all copies of said PHI in their possession.

(7) This order shall not limit the use of protected health information pertaining to **David Gast**, that comes into the possession of any party or any party's attorney from a source <u>other than</u> a "covered entity," (as that term is defined in 45 CFR 160.103).

(8) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, and depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et. sec., the Aids Confidentiality Act (740 ILCS 305/1 et. seq) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 290ee-3 and 42 CFR Part 2.)

**ENTERED:**

Date: July 11, 2013

_____
Judge